Filed 2/25/16  P. v. Clark CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Amador)

----

| | |
|---|---|
| THE PEOPLE, | C078012 |
| Plaintiff and Respondent, | (Super. Ct. No. 13-CR-21299) |
| v. | |
| QUINTERRIOUS RUSSELL CLARK, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Quinterrious Russell Clark has asked this court to review the record to determine whether there exist any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Having reviewed the record, we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 123-124.)

1

In May 2013, defendant was an inmate at Mule Creek State Prison. Correctional Officers Andrew Purcell and Frank Custino worked the 2:00 p.m. to 10:00 p.m. shift in building 9 of the prison.

Shortly after beginning his shift on May 23, 2013, Officer Purcell noticed two inmate clerks in the "sally port" which controls entry into building 9. Defendant, who was not housed in building 9, was also in the "sally port." When Officer Purcell approached, defendant said in a very agitated and angry tone that he needed to speak to his counselor. Officer Purcell explained that defendant did not belong in building 9 and would need to obtain either a pass or permission from the control booth officer in order to see his counselor. Defendant left.

At 2:15 p.m., defendant returned and attempted to enter building 9. Defendant said, again in a very angry and agitated manner, "I'm going to see my fucking counselor . . . . I'm going to see him right now." Officer Purcell said, "Hey, you don't – I just told you the proper procedure how to see your counselor, and you're sneaking back in." Concerned for the safety of the counselor and the other inmates, Officer Purcell instructed defendant to "get on the wall" (put his hands on the wall) so Officer Purcell could do a patdown search. Defendant initially complied by facing the wall. However, as Officer Purcell began to patdown his upper torso, defendant turned around, spun Officer Purcell around, and pushed Officer Purcell into the "sally port." Officer Purcell used his body weight to force defendant to the floor and sounded the alarm as he tried to handcuff defendant, telling him, "I got to put handcuffs on you. Comply, comply. Do what I tell you. I'm going to put handcuffs on you." Defendant resisted by squirming back and forth and keeping his arms apart.

Officer Custino attempted to assist in handcuffing defendant, to no avail. Counselor Steve Winkler arrived and also attempted to assist, without success. Meanwhile, the control booth officer instructed all other inmates to get down.

2

Correctional Officer Richard Collins came to building 9 from the yard when he heard the alarm go off and found defendant resisting Officer Purcell's attempts to handcuff him and kicking Officer Purcell in the back. Officer Collins struck defendant in the ankle with a baton and instructed him to stop resisting and comply. Defendant repositioned his lower body and deliberately kicked Officer Collins twice in the right knee. After each kick, Officer Collins struck defendant in the leg with the baton. Officer Purcell was eventually able to place the handcuffs on defendant. Another officer arrived and secured defendant's legs with leg irons.

Defendant was charged by second amended information with battery on a correctional officer (Pen. Code, § 4501.5)[1] and resisting an executive officer (§ 69), both felonies. The information also alleged defendant had a prior strike conviction (§§ 667, subds. (b)-(j), 1170.12) and five prior prison terms (§ 667.5, subd. (b)).

Following trial, a jury found defendant guilty as charged. In a bifurcated proceeding, the trial court found the prior strike and prior prison term allegations true.

Prior to sentencing, defense counsel declared doubt as to defendant's mental competency. The trial court suspended criminal proceedings and ordered an evaluation pursuant to section 1368.

After later finding defendant competent and reinstituting criminal proceedings, the trial court heard and denied defendant's *Marsden, Faretta*, and *Romero* motions,[2] denied probation, and sentenced defendant to an aggregate term of 14 years four months in state prison, comprised of the upper term of four years, doubled for the prior strike, plus eight months, doubled for the prior strike, and five consecutive one-year terms for each of the

---

**1**     Undesignated statutory references are to the Penal Code.

**2**     *People v. Marsden* (1970) 2 Cal.3d 118; *Faretta v. California* (1975) 422 U.S. 806 [45 L.Ed.2d 562]; and *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

prior prison enhancements.[3]  Because defendant was a Mule Creek State Prison inmate at the time of his current crimes, the court found he was not entitled to any presentence custody credit.  The court imposed a $300 restitution fine (§ 1202.4, subd. (b)), a $300 parole revocation restitution fine (§ 1202.45) stayed pending successful completion of parole, an $80 court security fee (§ 1465.8), and a $60 criminal assessment fee (Gov. Code, § 70373).

Defendant filed a timely notice of appeal.

## DISCUSSION

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief setting forth the facts of the case and, pursuant to *Wende, supra*, 25 Cal.3d 436, requesting the court to review the record and determine whether there are any arguable issues on appeal.  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.  Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

     NICHOLSON     , Acting P. J.

We concur:


     HULL     , J.

     BUTZ     , J.

---

[3]     The trial court granted the People's motion to dismiss pending case No. 13-CR-21298 in the interest of justice.  That case is not part of this appeal.